UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **AXTS, INC.,**<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>**F-1 FIREARMS, LLC,**<br><br>　　　　　　Defendant. | Case No. 4:19-cv-02379 |

**OPPOSED MOTION TO STAY DISCOVERY AND CERTAIN PRETRIAL DEADLINES**

**I.    INTRODUCTION**

Plaintiff AXTS, Inc. ("AXTS") respectfully requests that this Court stay discovery and certain pretrial deadlines related to the *Markman* hearing[1], pending the Court's ruling on its Motion to Dismiss this action in its entirety. Dkt No. 19 ("Motion"). For the reasons explained in its Motion, AXTS contends that this action should be dismissed. Resolution of the pending Motion will either eliminate the need for any discovery in this case, in the event of a complete dismissal, or, at the very least, significantly narrow the issues that remain. Continuing discovery and moving the case towards a *Markman* hearing, while this dispositive Motion is pending will consume unnecessary resources of both the parties and the Court. A stay will not prejudice Defendant F-1 Firearms LLC ("F-1") and need not affect the trial date, as the close of fact discovery is not scheduled until September 25, 2020, with expert discovery continuing until December 18, 2020, and trial scheduled for May 10, 2021. Dkt. No. 16 (Scheduling Order).

---

[1] The pretrial deadlines that AXTS seeks to temporarily stay are Items 2-15 on the Scheduling Order, Dkt. No. 16.

1

## II. APPLICABLE LEGAL STANDARD

The Court has the "general discretionary power to stay proceedings before it in the control of its docket and in the interests of justice." *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982). This power to stay proceedings is incidental to the court's inherent power to stay any matter pending before it in the interest of justice and "economy of time and effort for itself, for counsel and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). In the exercise of this discretion, the court "must weigh competing interests and maintain an even balance." *Id.*, 299 U.S. at 254-55; *see also In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990) ("The stay of a pending matter is ordinarily within the trial court's wide discretion to control the course of litigation, which includes authority to control the scope and pace of discovery.").

In addition, pursuant to the Federal Rules of Civil Procedure, a court has the discretion to stay discovery for "good cause shown." Fed. R. Civ. P. 26(c)(1). "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). "The issuance of a stay may be particularly appropriate 'where the disposition of a motion to dismiss might preclude the need for the discovery altogether thus saving time and expense.'" *Mcpeters v. Lexisnexis*, No. 4-11-CV-02056, 2011 WL 13253446, at *1 (S.D. Tex. Oct. 5, 2011) citing *U.S. ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F.Supp.2d 766, 768 (W.D. Tex. 2008).

## III. ARGUMENT

For the reasons set forth in its Motion to Dismiss, Dkt. No. 19, AXTS contends that this action should be dismissed in its entirety. No discovery has been sought or is needed in connection with the Motion to Dismiss, as the requested dismissal is based on the insubstantial number of F-1's accused units at issue—a number which F-1 itself provided to the Court (Dkt. No. 19, Ex. C,

F-1's Nov. 19, 2019 Letter to the Court)—and the covenant not to sue that AXTS provided (Dkt. No. 19, Ex. A). A stay of discovery and certain pre-trial deadlines relating to the *Markman* hearing will further the goal of conserving the parties' and the Court's time and effort, as the case may be entirely mooted, as AXTS contends, or substantially reduced in scope, as AXTS expects F-1 to argue. *Landis v. North American Co.*, 299 U.S. at 254.

Specifically, AXTS filed the Motion to Dismiss after granting F-1 a covenant not to sue following its determination that the "insubstantial number of accused products does not justify the significant expenditure of resources that would be required" to continue litigating this case. Dkt. No. 19 at 3. Pressing forward with discovery, including costly document productions, and preparations for a *Markman* hearing, while awaiting a ruling on the Motion to Dismiss, would force both parties to continue expending significant resources in a case that no longer warrants such expenditures. Accordingly, AXTS requests this stay in an effort to prevent both parties from engaging in needless discovery and incurring additional fees, while giving the Court time to resolve the Motion to Dismiss. Depending on the Court's ruling, AXTS expects this case to be entirely mooted—thereby rendering discovery entirely unnecessary—or substantially streamlined in the claims to be litigated—thereby correspondingly streamlining discovery. As an example, requiring AXTS to produce documents in response to F-1's document requests related to damages that AXTS no longer seeks in view of its covenant not to sue is wasteful of both parties' resources.

In addition, a temporary stay of certain pre-trial deadlines (Items 2-15 relating to the June 2020 *Markman* hearing)[2] would further spare the parties and the Court the burden of preparing for a *Markman* hearing, should the Court grant the Motion to Dismiss, either in its entirety or partly.

---

[2] Item 2 relates to F-1's invalidity contentions. While not directly related to the *Markman* hearing, AXTS proposes to stay this deadline in view of the requested stay of discovery, as F-1 will likely argue that it seeks discovery to develop its theories for its invalidity contentions.

Finally, F-1 cannot point to any legitimate prejudice that would be suffered as a result of a temporary stay of proceedings pending a ruling on the Motion to Dismiss. If the Court grants AXTS's Motion to Dismiss, F-1 will have saved time and resources not pursuing discovery and *Markman* preparations that will be rendered moot. Should the Court deny AXTS's Motion to Dismiss, the parties will have sufficient time to engage in discovery—likely streamlined significantly—and prepare the case for trial, in view of the current schedule with trial in May 2021. Dkt. No. 16. F-1 will not be harmed by a temporary stay.

### IV. CONCLUSION

AXTS respectfully requests that the Court exercise its discretion to stay discovery and certain pre-trial deadlines pending its resolution of AXTS's Motion to Dismiss, thereby conserving the resources of all parties as well as the Court.

Dated this 26th day of December, 2019.　　　　　　　Respectfully submitted,

By: */s/ Miranda Jones*
Miranda Y. Jones
Texas Bar Number 24065519
S.D. Texas Bar Number 1147635
PORTER HEDGES LLC
1000 Main Street, 36th Floor
Houston, TX 77002
Telephone: 713-226-6698
Facsimile: 713-226-6298
MirandaJones@porterhedges.com

*Attorney for AXTS, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of December, 2019, I caused to be served the foregoing **PLAINTIFF AXTS, INC.'S MOTION TO STAY DISCOVERY AND CERTAIN PRETRIAL DEADLINES** on the following parties via electronic service via electronic mail:

Steven Mitby
Timothy Johnson
Seiler Mitby PLLC
2700 Research Forest Drive, Suite 100
The Woodlands, TX 77381
E-Mail: smitby@seilermitby.com
       tjohnson@seilermitby.com

*/s/ Miranda Jones*
Miranda Y. Jones

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule 7.1(D), the undersigned certifies counsel for AXTS conferred with opposing counsel via emails on December 17, 19, 20, and 23, 2019 about the substance of its Motion, and opposing counsel confirmed that they are opposed to a stay of upcoming deadlines.

*/s/ Miranda Jones*
Miranda Y. Jones