United States District Court
Southern District of Texas
**ENTERED**
September 09, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AXTS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:19-CV-2379 |
| | § | |
| F-1 FIREARMS, LLC, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court are Plaintiff's Motion to Dismiss its own claims and Defendant's counterclaims (the "Motion") (Doc. #19), Defendant's Response (Doc. #29), and Plaintiff's Reply (Doc. #34). Having reviewed the parties' arguments and applicable legal authority, the Court grants the Motion.

### I.     Background

This dispute arises from alleged patent and trademark infringements concerning firearm charging handles. On July 2, 2019, Plaintiff AXTS, Inc. initiated this action, asserting patent infringement, Lanham Act, trademark infringement, and breach of contract claims against Defendant F-1 Firearms, LLC. Doc. #1 ¶¶ 22–69. In its Complaint, Plaintiff first argues that Defendant infringed on three of Plaintiff's patents by "manufacturing or importing into, using, inducing others to use, selling and/or offering for sale [certain charging handles] that embody the design" claimed by those patents without authorization. Doc. #1 ¶¶ 14, 23, 32, and 42. Additionally, Plaintiff argues that Defendant's improper use of Plaintiff's trade dress and trademark in connection with Defendant's products has "irreparably injured" Plaintiff and caused Plaintiff "to suffer a loss of goodwill and reputation." *Id.* ¶¶ 60 and 67. Finally, Plaintiff seeks to recover approximately $5,500.00, the amount allegedly owed by Defendant for a previous

purchase of charging handles from Plaintiff.  *Id.* ¶ 69.

In response, on December 9, 2019, Defendant filed six counterclaims seeking declarations from this Court that Plaintiff's three patents are invalid and that Defendant's firearm charging handles do not infringe on those patents.  Doc. #18 at 8–16.  Additionally, in a letter to the Court dated November 19, 2019, Defendant represents that it purchases charging handles from third parties and only "about 100" charging handles used by Defendant "are at issue in this case" with regards to potential infringement.  Doc. #19, Ex. C at 1.  Further, counsel for Defendant confirmed that representation in a November 27, 2019 email to counsel for Plaintiff.  Doc. #34, Ex. E and Ex. F (wherein counsel for Defendant identifies "[o]ne of the 100 charging handles accused of infringing").

Subsequently, Plaintiff executed and filed on the record a document titled, "Covenant Not to Sue" (the "Covenant").  Doc. #19, Ex. A.  For purposes of this Order, the Court highlights the following language in the Covenant:

1. AXTS hereby covenants not to sue F-1 Firearms, or its customers, for infringement of the '354 Patent, the '384 Patent, the '452 Patent, AXTS's Inclined-T Trade Dress, AXTS's RAPTOR trademark, and false designation of origin/unfair competition, with respect to the 100 accused charging handles in this case.
2. AXTS hereby further covenants not to sue F-1 Firearms for breach of contract pertaining to Invoice No. S5746.
3. AXTS does not grant any covenant not to sue, license, release, or other rights for any product other than the 100 accused charging handles in this case.

*Id.*  Arguing that the Covenant resolves Plaintiff's claims and extinguishes the Court's subject-matter jurisdiction over Defendant's counterclaims, Plaintiff now moves to dismiss its own claims and Defendant's counterclaims.

2

## II. Legal Standards

### a. Motion to Dismiss, Federal Rule of Civil Procedure 12(b)(1)

"A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction tests the court's statutory or constitutional power to adjudicate the case." *Wesolek v. Layton*, 871 F. Supp. 2d 620, 627 (S.D. Tex. 2012) (citing *Home Builders Association of Mississippi, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998)). "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.* (internal citation omitted).

### b. Declaratory Judgment Jurisdiction

Pursuant to the Declaratory Judgment Act, "[i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). If a party seeks to base the Court's subject-matter jurisdiction for a case on the Act, the key inquiry is "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (internal citation omitted). Specifically, the dispute between the parties must be "definite and concrete, touching the legal relations of parties having adverse legal interests; and . . . real and substantial and admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Id.* (internal citation

3

omitted).

*Benitec* is instructive. In that case, after a patent holder brought an action for infringement against a competitor, the competitor asserted declaratory relief counterclaims of invalidity and unenforceability. *Benitec Australia, Ltd. v. Nucleonics, Inc.*, 495 F.3d 1342 (Fed. Cir. 2007). Subsequently, the patent holder filed a covenant not to sue that covered all activity giving rise to its claims. *Id.* at 1343. Though the covenant resolved the patent holder's claims, the competitor argued that the court could maintain subject-matter jurisdiction over the case based on the counterclaims and declaratory judgment jurisdiction. Specifically, the competitor argued that it had plans to create products in the future that the patent holder could perceive as infringing. Ultimately, the court affirmed dismissal and held that the competitor had failed to make "a showing of 'sufficient immediacy and reality' to support declaratory judgment jurisdiction." *Id.* at 1349 (finding that sufficient immediacy and reality were lacking because, among other reasons, competitor (1) conceded that creation of future product was at least a few years away, (2) failed to name a potential customer, and (3) provided "insufficient information for a court to assess whether . . . future [product] would be infringing or not").

In contrast, in *Cat Tech LLC v. TubeMaster, Inc.*, the court held that sufficient immediacy and reality were present to support declaratory judgment jurisdiction regarding future activity because the competitor was "prepared to produce [the potentially infringing] devices . . . as soon as it receive[d] an order . . . ." 528 F.3d 871, 882 (Fed. Cir. 2008).

**III.    Analysis**

    **a.  The Covenant moots all of Plaintiff's claims.**

According to Defendant's own representations, the only charging handles used by Defendant that could potentially infringe on Plaintiff's three patents, trade dress, and trademark

4

(as outlined in the Complaint) were the approximately 100 handles identified by Defendant in the November 19, 2019 letter to the Court and the November 27, 2019 email to counsel for Plaintiff. Doc. #19, Ex. C at 1; Doc. #34, Ex. E and Ex. F.  Because Plaintiff's Covenant Not to Sue covers all of Plaintiff's claims and the previously identified 100 charging handles, the Court dismisses all of Plaintiff's claims as moot.

### b. Defendant has failed to establish declaratory judgment jurisdiction.

Defendant argues that despite dismissal of Plaintiff's claims, the Court can still maintain subject-matter jurisdiction because Defendant's declaratory judgment counterclaims give rise to declaratory judgment jurisdiction.  Specifically, Defendant contends that beyond those 100 charging handles, a case of actual controversy exists between the parties because Defendant "F-1 continues to sale [sic] products that include charging handles that F-1 sources from its suppliers." Doc. #29 at 15.

However, Defendant has failed to provide any details regarding either these other charging handles it continues to sell or their suppliers.  Like in *Benitec*, the Court is unable to assess with any certainty whether a "substantial controversy" remains after dismissal of Plaintiff's claims. Nonetheless, Defendant contends that this case is more similar to the facts in *Revolution Eyewear, Inc.* and *SanDisk Corp.*, where the courts held that declaratory judgment jurisdiction existed.

However, in *Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, the defendant's "planned activity [was] not speculative" because the defendant established that it "already ha[d] in storage a quantity of the [potentially infringing] product that it sold before and wishe[d] to sell again." 556 F.3d 1294, 1299 (Fed. Cir. 2009).  Further, in *SanDisk Corp. v. STMicroelectronics, Inc.*, not only was there no enforceable covenant not to sue, but the defendant had provided enough details for the plaintiff to analyze and explain how the defendant's products continued to infringe on the

plaintiff's patents.

Neither fact-patterns match the facts of this case, where Defendant has failed to make a showing of sufficient immediacy and reality to support declaratory judgment jurisdiction. Accordingly, because the Court lacks subject-matter jurisdiction, the Court dismisses Defendant's counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(1).

### IV.  Conclusion

For the foregoing reasons, the Motion is GRANTED, Plaintiff's claims are DISMISSED as moot, Defendant's counterclaims are DISMISSED, and this case is hereby CLOSED.

It is so ORDERED.

September 9, 2020
Date

The Honorable Alfred H. Bennett
United States District Judge