Case 4:19-cv-02379   Document 49   Filed on 08/08/22 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
August 08, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| AXTS, Inc., § § § *Plaintiff,* § § § v. § § F-1 Firearms, LLC, § § § *Defendant.* § § § § | Case No. 4:19-cv-02379 |

## MEMORANDUM AND RECOMMENDATION

Pending is F-1 Firearms, LLC's motion for attorneys' fees pursuant to 35 U.S.C. § 285, Dkt. 41, which was referred to the undersigned judge, Dkt. 48. After carefully considering the motion, AXTS, Inc.'s response, Dkt. 44, the record, and the applicable law, it is recommended that F-1's request for fees be denied.

## Background

In July 2019, AXTS filed this suit alleging that F-1 had infringed AXTS's patents and trademark rights in its charging handles used on AR-15 rifles. Dkt. 1. From the outset, F-1 maintained that it had sold only 100 charging handles that allegedly infringed. Dkt. 13 ¶ 3. AXTS disputed that position, in part because F-1 allegedly "use[d] the fact that it was and is providing AXTS

RAPTOR charging handles to sell firearms that cost $1500-3000" and because F-1's website displayed "AXTS-style charging handles" using AXTS's "RAPTOR" trademark while selling firearms with "non-AXTS charging handles obtained from suppliers other than AXTS." *Id.*

AXTS pursued discovery to ascertain what and how many charging handles F-1 had sold. But F-1 resisted, forcing AXTS to seek intervention from this Court on November 15, 2019. Dkt. 19-1 ¶ 12; Dkt. 41-2. Eventually, F-1 provided responsive documents depicting seven charging handles, which F-1 later confirmed were the only ones it had used since November 2013. Dkt. 34-1, Exs. E & F; Dkt. 19-1 ¶¶ 13-15.

After reviewing F-1's disclosures, AXTS concluded that it no longer made financial sense to pursue the case. Dkt. 19-1 ¶ 16. So AXTS contacted F-1 on December 5, 2019 to propose a mutual release. *Id.* But F-1 rejected the proposal, indicating that it would file counterclaims to invalidate AXTS's patents. *Id.* AXTS then served on F-1 a copy of a motion for voluntary dismissal under Fed. R. Civ. P. 42, asking whether F-1 would oppose the motion. *Id.* ¶ 17. F-1 then filed an amended answer, asserting counterclaims and insisting that AXTS could no longer voluntarily dismiss the case. *Id.* ¶ 18.

Nonetheless, AXTS served F-1 with a covenant not to sue and, on December 17, 2019, filed an opposed motion to dismiss the case under Rule 42. Dkt. 19; *see also* Dkt. 20 (F-1's opposition). In the interim, despite the covenant

not to sue and AXTS's withdrawal of its infringement contentions, F-1 continued demanding discovery and initially opposed AXTS's request for stay before relenting and agreeing to a stay of certain scheduling order deadlines. *See* Dkt. 25 at 2; Dkt. 33; Dkt. 35.

On September 9, 2020, this Court granted AXTS's motion to dismiss the suit, concluding that F-1 failed to show the existence of an actual controversy to support its counterclaims for declaratory relief. Dkt. 40. F-1 appealed the judgment, which the Federal Circuit summarily affirmed. *See AXTS, Inc. v. F-1 Firearms, LLC*, No. 21-1069 (Fed. Cir. June 21, 2021) (per curiam).

## **Legal Standard**

The relevant statute limits recovery of attorneys' fees to "exceptional cases." 35 U.S.C. § 285. "[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014).

Determining whether a case qualifies as "exceptional" rests in the district court's discretion, "considering the totality of the circumstances." *Id.* "Merely asserting that a party's arguments were without merit does not show that a case is exceptional." *W. Falcon, Inc. v. Moore Rod & Pipe, LLC*, 2015 WL 3823629, at *6 (S.D. Tex. June 18, 2015). And good faith arguments

favoring a party's position do not qualify as "exceptionally meritless" claims. *Id.* (quoting *Small v. Implant Direct Mfg. LLC*, 2014 WL 5463621, at *3 (S.D.N.Y. Oct. 23, 2014)).

## Analysis

Despite its contentions, F-1 has not shown that this case was so exceptional that it merits an attorneys' fees award. Rather, the record reflects that AXTS brought this suit in good faith and then sought to dismiss it voluntarily once it confirmed that the number of F-1's allegedly infringing charging handles was too small to warrant further litigation. There was nothing unreasonable or unusual here.

F-1 baldly claims that AXTS's claims were frivolous and brought simply to extort a quick settlement. Dkt. 41 at 8. F-1 does not analyze AXTS's patents or attempt to compare any claims in those patents to the allegedly infringing devices. Nor has the Court ever examined AXTS's infringement allegations, much less resolved them. The mere fact that AXTS ultimately decided to grant F-1 a covenant not to sue does not entitle F-1 to its attorneys' fees. *See, e.g.*, *SAP Am., Inc. v. Wellogix, Inc.*, 2016 WL 5884668, at *3 (S.D. Tex. Oct. 7, 2016) ("Victory alone, even total victory, is not sufficient reason to award fees."), *aff'd*, 708 F. App'x 691 (Fed. Cir. 2018).

There is also nothing unusual or exceptional about AXTS's early settlement demands, which noted that the settlement amount would increase

4

over time as AXTS incurred more litigation costs. *See* Dkt. 41-1. A party's settlement calculus naturally accounts for those costs. *See, e.g.*, *FTC v. Actavis*, 570 U.S. 136, 156 (2013) (litigation costs comprise one of the "traditional settlement considerations" in patent suits).

Moreover, no evidence suggests that AXTS failed to conduct a reasonable investigation of its claim before filing suit. Instead, the evidence shows that AXTS did not have access to information confirming the number of F-1's allegedly infringing devices until F-1 eventually produced the information— but only after F-1 initially resisted that discovery. *See* Dkt. 41-2 (AXTS arguing that "F-1's refusal to produce these documents" impaired AXTS's ability to prepare its infringement contentions). F-1 *itself* maintained, in court filings, that more devices were at issue. *See* Dkt. 29 at 15-16 (asserting that "this case is about more than the 100 handles already sold"). And F-1 returned hundreds of accused units to the manufacturer after the suit was filed. Dkt. 19-1, Ex. D at D00002-04. AXTS desire to obtain evidence confirming F-1's oral representations about the number of units at issue was hardly unreasonable. If anything, some of F-1's own conduct prolonged this suit before its eventual dismissal.

In short, this is a garden-variety case where a plaintiff filed suit only to realize later, after discovery, that the suit was not worth pursuing. Because

the Court finds nothing exceptional here, F-1's request for attorneys' fees should be denied.

## Recommendation

For the foregoing reasons, it is **RECOMMENDED** that F-1 Firearms, LLC's motion for attorneys' fees pursuant to 35 U.S.C. § 285 (Dkt. 41) be **DENIED**.

**The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.** *Ortiz v. City of San Antonio Fire Dep't*, **806 F.3d 822, 825 (5th Cir. 2015).**

Signed on August 8, 2022, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge